AUGUSTA W. BUNTING v. WILLIE RAY BEACHAM

No. 792DC757

(Filed 19 February 1980)

**Bastards § 6; Estoppel § 3— action to establish paternity—husband excluded by blood tests—sufficiency of evidence—no assertion of contrary positions**

The trial court in an action to establish paternity erred in directing a verdict for respondent at the close of petitioner's evidence where the evidence tended to show that petitioner was married to another when the child was conceived and born; a criminal action against petitioner's husband for nonsupport of the child was dismissed because a blood grouping test excluded him as the father; petitioner testified that she had sexual relations only with her husband and with respondent during the period of conception; petitioner testified that she did not testify in the criminal trial that her husband was the father of the child but had always said that respondent was the father; and there is nothing in the record on appeal to show that petitioner is now asserting a position contrary to the position she asserted in the criminal trial of her husband for nonsupport.

APPEAL by plaintiff from *Ward (Hallet S.), Judge*. Judgment filed 29 May 1979 in District Court, BEAUFORT County. Heard in the Court of Appeals 15 January 1980.

This is a proceeding under N.C. Gen. Stat. Ch. 110, Art. 9 to establish paternity of the alleged father (respondent) of a dependent child ancillary to an action by the mother (petitioner) for financial support of the child. The mother is a recipient of public assistance.

The petitioner appeals from the judgment directing verdict for respondent at the close of petitioner's evidence. The trial court found that petitioner was married to Bernice B. Bunting when the child was conceived in February 1978 and born on 19 October 1978; that a criminal action against Bernice B. Bunting for nonsupport of the child was dismissed on 23 February 1979 because a blood grouping test excluded him as being the father of said child.

At trial petitioner testified that she had sexual relations with both her husband and with respondent on several occasions during February 1978; that she did not testify in the criminal trial that her husband was the father of her child but that she had always said respondent was the father.

*Rodman, Rodman, Holscher & Francisco by Edward N. Rodman for plaintiff appellant.*

*L. H. Ross for defendant appellee.*

CLARK, Judge.

In the husband's criminal trial on the charge of nonsupport of petitioner's child, blood tests were conducted under N.C. Gen. Stat. § 8-50.1, which in pertinent part, provides:

"§ 8-50.1. *Competency of evidence of blood tests.*—In the trial of any criminal action or proceedings in any court in which the question of paternity arises, regardless of any presumptions with respect to paternity, the court before whom the matter may be brought, upon motion of the defendant, shall direct and order that the defendant, the mother and the child shall submit to a blood grouping test; provided, that the court, in its discretion, may require the person requesting the blood grouping test to pay the cost thereof. The results of such blood grouping tests shall be admitted in

evidence when offered by a duly licensed practicing physician or other qualified person. In any such case, where the result of such blood test is not shown to conflict with the result of any other such blood tests, and where the result of such blood test indicates that the defendant cannot be the father of the child, the jury shall be instructed that if they believe the witness presenting the result testified truthfully as to it, and if they believe that the test was conducted properly, then it will be their duty to return a verdict of not guilty. (1949, c. 51; 1965, c. 618; 1975, c. 449, s.s. 1, 2; prior to amendment, 1979 c. 576, effective 6 May 1979.)

In the previous criminal trial defendant-husband was found not guilty because the tests revealed that he was not the natural parent of the child. As N.C. Gen. Stat. § 8-50.1 existed in 1972, such evidence was competent to rebut the common law presumption of legitimacy. *Wright v. Wright*, 281 N.C. 159, 188 S.E. 2d 317 (1972). Under the 1975 amendments quoted above, an undisputed test indicating the defendant is not the father requires a jury verdict of "not guilty."

In the instant case there is nothing in the record to support the finding of the trial court that "the Plaintiff in this action previously asserted that her husband was the father of the child . . . and that she is barred from testifying that the Defendant herein, Willie Ray Beacham, is the father of the child, Crystal Gale Bunting."

The blood test results indicating that the husband could not be the natural father of the child was evidence of adultery. *Wright v. Wright, supra.* The evidence for petitioner tended to show that her only adulterous relationship was with respondent Beacham during the period of conception.

The record on appeal does not include any of the proceedings in the criminal trial of the defendant-husband for nonsupport. We do not know that the criminal summons or warrant for arrest was supported by the oath or affirmation of the mother. Nor does the record on appeal include a transcript of the mother's testimony, or any part thereof, in the criminal trial. In the case *sub judice*, the mother testified that in the criminal trial she did not say her husband was the father, and that she had always said respondent Beacham was the father, even though both of them had sexual

relations with her during the period of conception. We are cognizant of the principle of law that where the parties assert a particular position in an action, they may not thereafter assert a contrary position in subsequent proceedings. 5 Strong's N.C. Index 3d *Estoppel* § 3 (1977). There is nothing in the record on appeal, however, indicating that plaintiff in the case before us asserts a position contrary to the position she asserted in the criminal trial of her husband for nonsupport.

The judgment is

Reversed and the cause remanded.

Judges VAUGHN and HEDRICK concur.